ISHAM HENDERSON v. WILLIAM J. HEADY.

WILLIAM J. HEADY v. ISHAM HENDERSON.

**Partnership—Discontinuance by Acquiescence in other Dealings.**

   The acquiescence of one partner in acts by the other, which con-
   duced to prove a dissolution of a former partnership, will bar any
   recovery of a share of profits made in all transactions subsequent to
   the alleged dissolution.

**Partnership—Profits—Proof as to, etc.**

   In the absence of definite proof as to the specific purchase price
   of horses for a partnership, which had been formed to furnish horses
   to the Government, it is sufficient to average the whole upon a basis
   of what the evidence shows was paid for a portion of the stock.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 27, 1867.

These parties entered into a contract to buy horses, to be sold
to the United States Government, to be furnished in lots of one
hundred at a time. A contract had previously been made by Hen-
derson with the Government, whereby, amongst other conditions,
the horses were to be inspected, and such as were accepted, to be
paid for at $96 each. Henderson was to furnish the funds necessary
to buy the horses and Heady was to attend to the buying, deliver-
ing, etc. Up to July 8th, 1862, 479 head had been purchased, and
on that day, Heady retired from the partnership. The averments
of the petition were that Heady owned a two-fifth interest in the
partnership, but in making up his report, the commissioner allowed
and rendered his final report upon a one-half basis. In the com-
missioner's final report, he showed sales to and receipts from the
government of $43,104 up to July 21, 1862, and also receipt of
$1,312.50 from the sale of 30 head, at auction, which it seems
had been rejected. All of this fund went into the hands of Hen-
derson. He was credited with cash advanced $20,211.50, and
payment for 244 head at $80 each, average price, no specific proof
being offered for the actual purchase price of every animal, and
was also allowed sundry expenses necessary to the conducting of

the business, making a total of $41,381.05, showing a balance of profit of $3,035.45.   The petitioner alleges that his retirement from the partnership was brought about by the reputed sale by Henderson of the Government contract to one Gaslin, but that the transfer was made to defraud him of his share of the profits, Henderson, without rendering an acounting, informing him that they had lost considerable money by the transactions, all of which is denied in the answer.   From a judgment for an equal division of the profits, defendant appeals.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The pleadings and facts are so confused and obscure, in this case, as to leave the judicial mind in vexatious doubt as to the *precise* rights of the parties.   We are, however, satisfied that Heady, if profits were made, is entitled to some portion of them. But whether or not he concurred in Henderson's transfer, when it purports to have been made, or whether or not the transfer was merely ostensible and Henderson was still the beneficial party, Heady soon apparently acquiesced and ceased to act as partner.

On this basis the commissioner's last report is very able and seems to approximate the truth as nearly as the chaotic record will enable any enlightened and impartial mind to reach it.

We cannot, therefore, decide that there is any available error in the reported amount of profits of which Heady is entitled to a share.   And consequently, so far the chancellor's confirmation of the report is approved.

But it seems to this court that the chancellor erred in adjudging to Heady one-half, instead of two-fifths which only his petition claimed and which the record strongly tends to prove as his conventional portion.

Wherefore, for this error alone, the judgment is reversed, and the cause remanded for a judgment conformable with this opinion.

*Thompson,* for appellant.

*Caldwell,* for appellee.